{¶ 30} Pastor Augustine Krukrubo filed suit against Fifth Third Bank for breach of contract after the bank agreed to refinance his commercial mortgage, but failed to close on the refinancing after several months. The bank filed a motion to dismiss the lawsuit, and the trial court granted the motion, finding that no contract existed. The trial court also dismissed the remaining counts of Pastor Krukrubo's complaint, which alleged numerous *Page 14 
other causes of action including fraud and intentional infliction of emotional distress. The issue before us is whether the trial court erred by failing to accept all facts pleaded in the complaint as true, whether the court drew inferences in favor of the defendants rather than the plaintiff, and ultimately whether the complaint sufficiently set forth some claims for relief under the Ohio Rules of Civil Procedure. Ohio, being a "notice pleading" jurisdiction, requires only that plaintiffs set forth a plain statement of facts that may entitle them to relief for most claims. Because the rules do not require that plaintiffs prove their case at the pleading stage, I would hold that the trial court committed error by granting the motion to dismiss as to certain claims. Specifically, I would find that the breach of contract claim, the negligent and fraudulent misrepresentation claims, and the intentional infliction of emotional distress claim were adequately pled.
 {¶ 31} I believe that the trial court considered a wide range of factual allegations made on behalf of Fifth Third Bank and, in essence, granted a series of summary judgments without converting the motion to dismiss into a motion for summary judgment. The factual allegations far exceeded the allegations contained within the four corners of the pleadings and therefore should not have been considered when the trial court ruled on a motion to dismiss.
 {¶ 32} Because the other members of this panel do not reach the same conclusion, I respectfully dissent in part and concur in part. *Page 1